RECEIVED

[DO NOT PUBLISH]

APR 3 2007 IN THE UNITED STATES COURT OF APPEALS

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 2, 2007
THOMAS K. KAHN
CLERK

No. 06-14413
Non-Argument Calendar

D. C. Docket No. 05-00201-CR-T-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERICA RUTH STILLWELL,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Alabama

(March 2, 2007)

Before ANDERSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Erica Stillwell appeals her 51-month prison sentenced imposed after she pleaded guilty to possession with intent to distribute methamphetamine and aiding and abetting the same. She argues that (1) the district court sentenced her to a longer term of imprisonment than it believed reasonable based on its belief that her sentence would be reduced by 12 months after she successfully completed a residential drug treatment program, and (2) her sentence is unreasonable because it is greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a). For the reasons that follow, we affirm.

## I. BACKGROUND

On June 20, 2005, Stillwell accompanied Angela Waugh as she drove from Montgomery, Alabama to Atlanta, Georgia for the purpose of purchasing methamphetamine. After dropping Stillwell off at an Atlanta store, Waugh met her drug supplier and completed the drug purchase. Waugh then returned to the store to pick up Stillwell. As the women drove back to Montgomery, they stopped in Auburn, Alabama at the residence of Kyle Bailey, a suspected drug dealer. While Stillwell remained in the front of the residence, Waugh and Bailey went to the back of the home where Waugh sold a portion of the recently-purchased methamphetamine to Bailey. Waugh and Stillwell then returned to the vehicle and headed back to Montgomery.

Auburn police officers, who had been surveilling Bailey's home for drug activity, followed Waugh and Stillwell as they traveled toward Montgomery. Upon nearing the Montgomery area, Waugh began driving evasively. Waugh then slowed to a very low rate of speed, and Stillwell, the front-seat passenger, emptied the contents of a bag onto the street. Suspecting that the bag had contained illegal drugs, the officers stopped and searched the vehicle. During the search, officers found methamphetamine on the front driver's and passenger seats, the front floorboard, the center console, and in the weather stripping of the front passenger window. Tests revealed that the substance Stillwell had dumped on the ground was also methamphetamine. In all, officers recovered approximately 75.4 grams of methamphetamine from the scene.

A grand jury returned a single-count indictment against Stillwell, charging that she and co-defendant Waugh, while aiding and abetting one another, knowingly and intentionally possessed with the intent to distribute 50 grams or more of methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Stillwell, without entering into a formal plea agreement, pleaded guilty.

The United States Probation Office prepared a presentence investigation report ("PSI") establishing Stillwell's total adjusted offense level as 27 and her

criminal history category as I under the Sentencing Guidelines, resulting in a Guidelines range of 70 to 87 months imprisonment. Because of Stillwell's cooperation with prosecutors, the Government moved for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The Government noted that if the departure were granted, Stillwell's Guidelines range would be 51 to 63 months.

During the sentencing hearing, the district court granted the downward departure and asked both Stillwell's counsel and the Probation Office to explain whether and why a sentence of 51 months would be too long. Stillwell's counsel asked the district court to "impose a sentence that's lengthy enough to put [Stillwell] in the residential drug treatment program." She stated that it was her belief that "to qualify for the residential drug treatment program, it requires a sentence of 24 months." After the probation officer opined that 51 months was "a fair sentence," the court again asked Stillwell to explain why she should not "have to pay some penalty" for the "tremendous damage" she had caused to the lives of others. In response, Stillwell's counsel reiterated her contention that a sentence of "two years would give her residential drug treatment." The court took a five-minute recess to consider the arguments.

After the recess, both the probation officer, and later, Stillwell's counsel,

informed the court that the Bureau of Prisons ("BOP") could reduce Stillwell's sentence by up to one year if she successfully completed its 500-hour residential drug treatment program. In response, the Government called Alabama Bureau of Investigation Agent Joe Herman to testify about Stillwell's extensive involvement in the trafficking of methamphetamine between Montgomery and Atlanta. After Agent Herman's testimony, Stillwell made a statement apologizing for her conduct. Stating that it had considered the "factors under § 3553," the court announced a sentence of 51 months imprisonment. The court specifically recommended that Stillwell be incarcerated in a facility where intensive residential drug treatment was available, and the court noted that because Stillwell was likely to complete such a program, she would "end up serving somewhere around 36 to 39 months, and I think that's a fair sentence." Stillwell objected that the sentence was unreasonable because it was greater than necessary to achieve the purposes of § 3553(a). This appeal followed.

## II. DISCUSSION

Under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review a defendant's ultimate sentence for reasonableness. United States v. Marcus Williams, 435 F.3d 1350, 1353 (11th Cir. 2006). We first determine whether the district court correctly interpreted and applied the

5

Guidelines, and whether the court calculated correctly the sentencing range prescribed therein. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). We then determine whether the sentence is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). United States v. McVay, 447 F.3d 1348, 1353 (11th Cir. 2006). This court's "[r]eview for reasonableness is deferential," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Talley, 431 F.3d at 788. These factors include, *inter alia*, the history and characteristics of the defendant, the seriousness of the offense, the need to protect the public from further crimes of the defendant, and the Guidelines range. 18 U.S.C. § 3553(a). Because "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," this court will not substitute its judgment in weighing the relevant factors. United States v. Aaron Williams, 456 F.3d 1353, 1363 (11th Cir. 2006). And "[a]lthough sentencing courts must be guided by these factors, nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Thomas, 446 F.3d 1348, 1357. Nonetheless, "reasons given by the district court for its selection of a sentence are important to assessing

reasonableness." Marcus Williams, 435 F.3d at 1361. And "[a] sentence that is based entirely upon an impermissible factor is unreasonable because such a sentence does not achieve the purposes of § 3553(a)." United States v. Lorenzo, — F.3d —, —, No. 05-16119, 2006 WL 3526904, at *1 (11th Cir. Dec. 8, 2006) (citing Aaron Williams, 456 F.3d at 1361).

### A. Consideration of Stillwell's Potential Completion of Drug Rehabilitation

Stillwell argues that the district court erred in imposing a sentence greater than it believed "fair" or "reasonable" based upon its belief that Stillwell would receive a 12-month sentence reduction if she successfully completed a 500-hour residential drug treatment program. "Where a defendant raises a sentencing argument for the first time on appeal, we review for plain error." United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). The plain error standard is applicable here because Stillwell did not raise this specific issue in the district court. See id. There is a difference between arguing that the sentence imposed is longer than necessary to achieve the purposes of § 3353(a) (which Stillwell argued in the district court below) and arguing that the court erred in considering Stillwell's possible successful completion of drug treatment in determining the length of her imprisonment (as Stillwell argues here). See id.

In United States v. Harris, this court held that "[r]ehabilitative considerations

have been declared irrelevant for purposes of deciding whether or not to impose a prison sentence and, if so, what prison sentence to impose." 990 F.2d 594, 596 (11th Cir. 1993) (citing 28 U.S.C. § 994(k); United States v. Mogel, 956 F.2d 1555, 1563 (11th Cir. 1992)). "[I]t is inappropriate to imprison or extend the term of imprisonment of a federal defendant for the purpose of providing him with rehabilitative treatment." Id.; United States v. Dunham, 240 F.3d 1328, 1330 (11th Cir. 2001) ("[A] court cannot impose an initial incarcerative sentence for the purpose of providing the defendant with rehabilitative treatment." (citing United States v. Brown, 224 F.3d 1237, 1240, 1242 (11th Cir. 2000))).

As a threshold matter, the Government argues that this court is precluded from addressing Stillwell's challenge under the doctrine of invited error. "The doctrine of invited error is implicated when a party induces or invites the district court into making an error. Where invited error exists, it precludes a court from invoking the plain error rule and reversing." United States v. Silvestri, 409 F.3d 1311, 1327 (11th Cir. 2005); see, e.g., United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006) (concluding that this court was precluded from reviewing defendant's claim that the district court erred in sentencing him to five years of supervised release because the defendant invited the district court to impose a sentence that included a term of supervised release); United States v. Baker, 432

F.3d 1189, 1215-16 (11th Cir. 2005) (concluding that the doctrine of invited error precluded review of a claim that admission of testimony violated the hearsay rule and Confrontation Clause where the party's counsel elicited that testimony at trial) United States v. Jernigan, 341 F.3d 1273, 1289-90 (11th Cir. 2003) (finding that a defendant whose counsel had affirmatively stipulated to the playing of a tape-recorded statement had invited any error resulting from the jury's hearing the tape, and thus that any potential error was not reversible).

As discussed above, at the sentencing hearing, Stillwell's counsel asked the district court to "impose a sentence that's *lengthy enough* to put [Stillwell] in the residential drug treatment program." (emphasis added). Thus, although Stillwell did not "invite" the court to sentence her to 51 months imprisonment based on the likelihood of her sentence being reduced by participation in the residential drug treatment program, Stillwell nonetheless "invited" the court to consider her potential completion of the program in determining the *length* of *imprisonment* to impose. To the extent the district court may have done so in violation of the rule articulated in Harris, Stillwell invited this violation and may not be heard to complain of it on appeal.

### B. Whether the Sentence is Greater than Necessary

Stillwell argues that her sentence of 51-months imprisonment is

unreasonable because it is greater than necessary to achieve the purposes of § 3553(a). We disagree.

As is clear from the record, well *before* the district court learned that the BOP could reduce Stillwell's sentence if she completed the residential drug treatment program, the court asked both Stillwell and the Probation Office to explain whether and why Stillwell should be sentenced to less than 51 months. After the probation officer opined that 51 months was a "fair sentence," the court noted that "Stillwell, while perhaps having changed today, has done tremendous damage to a lot of people by introducing these drugs into the lives of other people when she brought them into this community." Only *after* the court expressed that Stillwell should "pay some penalty" for the damage she caused to the lives of others did the court learn (from the probation officer and Stillwell's counsel) that the BOP could reduce Stillwell's sentence by 12 months if she completed a 500-hour drug treatment program. Nothing in the record evinces that the district court believed 51 months to be an *unreasonably long* sentence and so that absent the possibility of the BOP reduction, it would have sentenced her to only 39 months. The district court correctly calculated and considered Stillwell's advisory Guidelines range of 51-63 months (which resulted from the court granting a downward departure), and it expressly considered § 3553(a) factors such as the

seriousness of the offense and the need to protect the public from any future crimes Stillwell may commit. And to the extent the court considered the possibility of Stillwell completing a drug rehabilitation program when it imposed sentence, the court did *not* impose sentence *solely* (or even largely) on this basis. Thus, we conclude that Stillwell failed to satisfy her burden of establishing that a sentence of 51-months imprisonment is unreasonable in light of § 3353(a).

### III. CONCLUSION

For the foregoing reasons, we AFFIRM.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By /s/ William P. Mylo
Deputy Clerk
Atlanta, Georgia